**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAQUIN CASTILLO,<br><br>                Plaintiff,<br><br>    v.<br><br>NATIONAL COUNCIL OF YOUNG MEN'S CHRISTIAN ASSOCIATIONS OF THE UNITED STATES OF AMERICA, *et al.*,<br><br>                Defendants. | Case No. 2:21-cv-20007 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Joaquin Castillo's ("Castillo") Motion to Remand. (ECF No. 4.) Defendant YMCA Camp Ralph S. Mason, Inc. ("Camp Mason") opposed the motion (ECF No. 9), and Castillo filed a reply (ECF No. 11). Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Castillo's Motion to Remand is **GRANTED**.

**I.    BACKGROUND**

Castillo filed a Complaint on July 22, 2021, in the Superior Court of New Jersey, against Camp Mason, New Jersey YMCA State Alliance ("State Alliance"), and the National Council of Young Men's Christian Associations of the United States of America ("National Council") (collectively "Defendants"), alleging claims of sexual abuse. (Notice of Removal (ECF No. 1) ¶¶ 1, 2; Mot. to Remand, Compl. (ECF No. 4-1).)

On November 15, 2021, Camp Mason removed the case to this Court. (ECF No. 1.) On December 13, 2021, Castillo moved to remand this case to the Superior Court of New Jersey. (ECF No. 4.) On January 4, 2022, Camp Mason filed its opposition to the motion. (ECF No. 9.) On January 7, 2022, Castillo filed a reply. (ECF No. 11.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." There are two grounds for federal district court jurisdiction over a civil lawsuit. The first ground for invoking the jurisdiction of a federal court is known as federal question jurisdiction, where "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, a federal court has original jurisdiction over a civil action where there is complete diversity among opposing parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. This ground of federal jurisdiction is known as diversity jurisdiction.

Typically, a notice of removal of a civil action must be filed by a defendant within thirty days of receiving the complaint. 28 U.S.C. § 1446(b). However, where it is not evident from the face of the complaint that a case is removable, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers*

*Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396–403; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted).

### III.  DECISION

Castillo argues the "forum defendant rule" bars removal because Camp Mason is a New Jersey citizen. (ECF No. 4 at 4–5.) Indeed, in diversity cases, the "forum defendant rule" allows an action removable based on diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441. Therefore, the "forum defendant rule" precludes removal based on diversity where a defendant is a citizen of the forum state—the state in which the plaintiff originally filed the case. *See, e.g.*, *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81 (3d Cir. 1999). Because Camp Mason does not dispute it is a citizen of New Jersey (ECF No. 1-2 ¶ 7; ECF No. 9 at 1), removal to this Court is improper if the forum defendant rule applies.

Camp Mason offers two arguments in an attempt to defeat the forum defendant rule. The Court finds both arguments are unpersuasive.

First, Camp Mason argues the forum defendant rule does not apply because Castillo's Motion to Remand was filed untimely. (ECF No. 9 at 4, 6.) Camp Mason states it filed its Notice of Removal on November 11. 2021. (*Id.* at 6.) However, the record shows its Notice of Removal was filed on November 15, 2021. (ECF No. 1.) Castillo subsequently filed his Motion for Remand

on December 13, 2021. (ECF No. 4.) Therefore, the Court finds Castillo's Motion was filed timely since it was filed within thirty days. *See* 28 U.S.C. § 1447(c).

Second, Camp Mason asserts removal is proper under a process known as snap removal. (ECF No. 9 at 3–5.) The Third Circuit allows a resident defendant to remove to federal court prior to service of process. *See Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 153–54 (3d Cir. 2018). Camp Mason argues service was incomplete because Castillo served Camp Mason's executive director (ECF No. 9 at 5) but provides no support regarding this position. Therefore, Camp Mason's snap removal argument fails, the forum defendant rule applies, and remand is proper.

In addition, the Court agrees with Castillo's argument that lack of consent from other co-defendants for removal renders the removal procedurally improper. (ECF No. 4 at 5–6.) Camp Mason argues it "requested consent of the other defendants for removal" and the State Alliance "takes no position on the [removal] motion" while others have "given consent." (ECF No. 9 at 5, 6.) However, removal generally requires unanimity among the defendants. *See Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985). ("[W]hen there is more than one defendant, all must join in the removal petition."). "The requirement that all defendants must join in or consent to removal is more commonly referred to as the 'rule of unanimity.'" *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 518 (D.N.J. 2012). "Under the rule of unanimity, a failure of all defendants to join in the notice of removal creates a 'defect in the removal procedure within the meaning of § 1447(c)." *Id.* (quoting *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995)). Camp Mason's failure to secure consent from all co-defendants prior to removal constitutes a defect in

the removal procedure, and its subsequent untimely requests[1] for consent from co-defendants do not cure this defect. *Id.* ("The subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected by the Court."). Further, "no position" notices from co-defendants (ECF No. 9 at 6) are different from co-defendants' actual consent. *See Frankston v. Denniston*, 376 F. Supp. 2d 35, 40 (D. Mass. 2005) (requiring affirmative consent by all defendants, as well as notice to the court, and a non-objection was insufficient); *Maybruck v. Haim*, 290 F. Supp. 721, 723 (S.D.N.Y. 1968) ("[S]ince the right to removal is entirely a creature of statute, the requirement that there be some affirmative action by each and every one of the defendants must be respected." (quotation marks and citation omitted)). Accordingly, the absence of Camp Mason's co-defendants' consent for removal serves as an additional basis for the Court to conclude remand is proper.

Finally, Castillo contends because Camp Mason's arguments "plainly lack[] an objectively reasonable basis" due to "plain disregard of the clear language of 28 U.S.C. § 1441 (b)(2)" (ECF No. 11 at 2), he is entitled to attorney's fees. The Supreme Court has held "[a]bsent unusual circumstances, courts may award attorney's fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). A decision regarding the award of costs and fees is subject to the discretion of the district court. *Id.* After consideration of the record, the Court declines to award costs and fees because the Court finds the defects of Camp Mason's removal are procedural. *See Saterstad v. Stover*, 249 F. App'x 955, 956 (3d Cir. 2007) (affirming district court's determination that appellant was not

---

[1] Camp Mason appears to have sought consent after it filed Notice of Removal. (*See* ECF No. 9 at 5 ("[w]e have *now* sought the consent for removal.") (emphasis added)).

entitled to costs under section 1447(c) because of a procedural defect); *see also Schoonmaker v. Holland*, Civ. A. No. 13-683, 2013 WL 5300592, at *4 (D.N.J. Sept. 17, 2013) (declining to award fees and costs where plaintiff failed to obtain consent from all defendants).

## IV. CONCLUSION

For the reasons set forth above, Castillo's Motion to Remand (ECF No. 4) is **GRANTED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: March 22, 2022